846

## SMITH v. HOEY et al.
### No. 195.

Circuit Court of Appeals, Second Circuit.

Feb. 25, 1946.

Raymond B. Goodell, of New York City, for appellant.

John B. Creegan and John F. X. McGohey, U. S. Atty., both of New York City, for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The only question involved upon this appeal is whether it was "clearly erroneous" for the judge to infer from the stipulated facts that the plaintiff's wife understood that she should use a part of the money which her husband gave her, to buy his securities. If that inference was permissible, she received it upon a trust so to use it, and the transfer of the securities was without consideration: i. e., it was a gift.

It was stipulated that, if called, she would testify that, although he placed no express restriction upon her use of the money, she thought his purpose was to give her enough cash to buy the securities. He had already told her that he wished to "establish losses" as deductions from his income, and suggested that she buy the securities to enable him to do so; although he did not intend that she should hold them for him after she had bought them. In this setting we are to ask ourselves whether, having received the money, their implied understanding left her free to tell him, when he offered her the securities, that she would not buy them. It seems to us that that would have been a breach of faith on her part; and that the judge would have been simple, if he had treated the absence of any express promise as indicating the contrary. The parties were husband and wife, and presumably trusted each other; it was unnecessary for them to put their purposes in formal terms. The transaction is another instance of that curious reliance upon the efficacy of verbal ritual, which so often pervades efforts to evade taxation.

Judgment affirmed.